IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CITY OF GRANITE CITY,

    Plaintiff,

v.

CONSOLIDATED UTILITY SERVICES,
INC. et al.,

    Defendants.                                           Case No. 10-cv-833-DRH

**ORDER**

**HERNDON, Chief Judge:**

        Before the Court is plaintiff's motion to remand to state court (Doc. 11) and plaintiff's motion for voluntarily dismissal (Doc. 30). Plaintiff filed a motion for voluntary dismissal (Doc. 30) of this action pursuant to Federal Rule of Civil Procedure 41(a)(2), on the basis that it intends to file a cause of action against an additional party which will destroy complete diversity and therefore this Court's jurisdiction. For the reasons that follow, the Court GRANTS plaintiff's motion for voluntary dismissal (Doc. 30) without prejudice, and DENIES plaintiff's motion to remand (Doc .11) as MOOT.

        Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part, as follows:

> "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a

> counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."

FED. R. CIV. P. 41(a)(2). It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco Labs.*, 627 F.2d at 56. A district court's decision will only be reversed if it abuses its discretion. *Id.*

In the instant matter, plaintiff, the City of Granite City, brought suit in state court against defendants Consolidated Utility Services, Inc. (Consolidated), and St. Louis Stabilizing, Inc., for damages that occurred to plaintiff's waste water collection system as a result of a construction project at 1505 Joy Avenue in Granite City. Defendant Consolidated removed this case from state court upon the basis of diversity jurisdiction (Doc. 2). Upon removal. both defendant Consolidated and St. Louis Stabilizing, Inc. filed their answers (Docs. 3, 13) to the complaint, and plaintiff filed a motion to remand to state court (Doc. 11). St.

Louis Stabilizing, Inc., filed a counterclaim against Consolidated (Doc. 14), and Consolidated filed its answer to the counterclaim (Doc. 15). Consolidated also filed a response and memorandum in support to plaintiff's motion to remand (Docs. 16 & 17). A discovery order (Doc. 21) was also issued by the Court but it is not apparent from the record as to the amount of effort either party has expended in this regard. Plaintiff's motion for voluntary dismissal (Doc. 30), was filed on March 24, 2011, and the docket sheet indicated that any responses were due by April 28, 2011. To date no responses have been filed and the time for doing so has passed.

In plaintiff's motion for voluntary dismissal (Doc. 30), plaintiff indicates that evidence has come to light which reveals that plaintiff may maintain a cause of action against an additional party, specifically Juneau Associates, Inc., P.C. (Juneau Associates), an Illinois corporation with its principal place of business in Granite City, Illinois. Plaintiff states that it intends to file an amended complaint in which it will pursue a cause of action against Juneau Associates and that a cause of action against Juneau Associates will destroy complete diversity and this Court's jurisdiction because both it and Juneau Associates are Illinois citizens. As a result, plaintiff requests the Court to grant the motion for voluntarily dismissal without prejudice.

Considering the factors mentioned above, the Court finds that the action may be dismissed. Here, the defendants have certainly expended some effort in litigating this matter, but those efforts can also be utilized in state court.

There does not appear to be any excessive delay or lack of diligence on plaintiff in prosecuting this action, and the Court finds the plaintiff's explanation for the dismissal sufficient. Moreover, neither defendant has filed a motion for summary judgment, and neither defendant filed a response or any objections to plaintiff's motion within the time frame allotted for such. The Court construes their silence as having no objection. Furthermore, defendant St. Louis Stabilizing, Inc., will be not prejudiced by this dismissal, as it can proceed with its counterclaim against Consolidated in the state court proceeding. Accordingly, the Court GRANTS plaintiff's request (Doc. 30) to dismiss pursuant to Rule 41(a)(2). Plaintiff's motion to remand (Doc. 11) is DENIED as MOOT. Plaintiff's suit is hereby DISMISSED WITHOUT PREJUDICE. The Court will close the file.

**IT IS SO ORDERED.**

Signed this 3rd day of May, 2011.

David R. Herndon
2011.05.03
11:58:02 -05'00'

**Chief Judge**
**United States District Court**